UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **MICHAEL TROLINGER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RCF, LLC,** a Florida limited liability company,<br><br>*Defendant*. | Case No. :<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Michael Trolinger ("Trolinger" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant RCF, LLC f/k/a Rapid Capital Funding, LLC ("Rapid Capital Funding" or "Defendant") to stop Rapid Capital Funding's practice of systematically placing pre-recorded telephone calls to consumers who did not provide their prior written express consent to receive them and to enjoin Defendant from continuing to place pre-recorded telephone calls to consumers who did not provide their prior written express consent to receive them as well as obtain redress for all persons injured by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant is a business loan origination company offering a variety of loans to small businesses, including merchant cash advances, credit card factoring, and working capital.

2. In an attempt to promote its business and to generate leads for its services, Rapid Capital Funding conducted (and continues to conduct) a wide-scale telemarketing campaign that repeatedly made (or directed to be made on its behalf) pre-recorded telephone calls to the telephones of Plaintiff and other members of the alleged Class without first obtaining express consent to do so—all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

3. By making these pre-recorded telephone calls, Defendant caused actual harm, including the aggravation, nuisance, interference with their use and enjoyment of their phone, and invasion of privacy that necessarily accompany the receipt of repeated unsolicited pre-recorded telephone calls. Defendant also caused substantial injury to their phones by causing wear and tear on their property and consuming battery life, in addition to the invasion of privacy and nuisance of having to answer such unsolicited calls.

4. Congress enacted the TCPA to protect consumers from pre-recorded telephone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief requiring Defendant to cease all pre-recorded telephone calling activities without first obtaining prior express consent, and to stop placing pre-recorded telephone calls to Plaintiff and the Class after they request that Defendant's pre-recorded telephone calls stop. Plaintiff also seeks an award of statutory damages to the members of the Class under the TCPA, plus court costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Michael Trolinger is a natural person and resident of McAllen, Texas.

6. Defendant RCF, LLC f/k/a Rapid Capital Funding, LLC is a limited liability company organized and existing under the laws of the State of Florida with a principal place of

business located at 11900 Biscayne Boulevard, Suite 201, Miami, Florida 33181. Defendant conducts business throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant in headquartered in this District, conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unsolicited pre-recorded telephone calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant systematically and continuously conducts business within this District, maintains its principal place of business in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9. Defendant is a business loan origination company offering a variety of loans to small businesses, including merchant cash advances, credit card factoring, and working capital.

10. Unfortunately for consumers, Defendant Rapid Capital Funding, on its own and/or through its agents, has turned to a tried and true, albeit unlawful, method of reaching new customers: unsolicited telemarketing.

11. Specifically, Defendant and/or its agents place thousands of outbound pre-recorded telemarketing calls each day to consumers nationwide.

12. These pre-recorded telephone calls are made for the express purpose of soliciting the call recipients to apply for a business loan with Defendant.

13. Not surprisingly, consumers have repeatedly spoken out against Defendant's pervasive and widespread telemarketing practices:

- "The same number has called here for several days and would always hang up. This morning a young woman responded after I answered the phone and she asked for the owner, I asked who was calling, she said her name very mumbled so I could not understand her, she asked for the owner again, I asked what company she was with – "they are now using RCR Financial Services", I asked her what her call was in reference to, she said it was personal, I told her, that they had called here several times this week and the owner was not interested and hung up."[1]

- "Just got another call. They have been calling every single day since 6/26 and never leave a message. I have it marked as a SCAM call and I do not answer. So tired of these calls."[2]

- "CID showed MIAMI FL call. Hadn't heard from this one for a while. Clearly a click-over to a call center once my live answer was detected. I waited silently to see if any information was offered by the caller but he simply said Hello? seven times before hanging up. Sounded decidedly more American than the previous calls from this scammer."[3]

- "Offering business loans. Not legitimate. Indian accent, but CID said "Miami FL.""[4]

- "They offered me a so called business loan. I declined. 10minutes later they called me 9 times in a row!"[5]

- "Second call offering money. I explained this is not a business but a residence, not matter they still want to loan me money."[6]

14. Unfortunately, in Defendant's overzealous attempts to market its services, it placed (and continues to place) pre-recorded telephone calls to consumers that never provided consent to call and to consumers that it had no relationship with.

---

[1] http://800notes.com/Phone.aspx/1-305-400-4752/2
[2] http://800notes.com/Phone.aspx/1-305-400-4752/3
[3] *Id.*
[4] https://www.everycaller.com/phone-number/1-305-400-4752/
[5] http://whocallsme.com/Phone-Number.aspx/3054004752
[6] https://usaphonescams.com/305-400-4752.tel

15. In making the pre-recorded telephone calls to consumers telephones without their prior written express consent, Defendant and/or its agents used an "automatic telephone dialing system" ("ATDS") in violation of the TCPA. Specifically, the hardware and software used by Defendant (or its agents) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

16. Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendant continues to call them.

17. Defendant knowingly made (and continues to make) unsolicited telemarketing calls without the prior express consent of the call recipients and knowingly continued to call them after requests to stop. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF MICHAEL TROLINGER**

18. Beginning in at least May 2016, Plaintiff Trolinger began to receive unsolicited pre-recorded telephone calls from Defendant on his landline telephone from phone number 305-400-4752.

19. Plaintiff would receive multiple pre-recorded telephone calls each week, sometimes receiving up to 3 or 4 calls per day. The volume of pre-recorded telephone calls from Defendant was consistent throughout at least May and June 2016.

20. When Plaintiff would receive a pre-recorded telephone call from Defendant, he would select the option provided in the pre-recorded message that would allow him to speak with the telemarketer and would then ask them to stop calling, explaining that he was not interested or looking for a loan. Plaintiff repeated this process many times, hoping to dissuade Defendant from calling him.

21. There were occasions when Plaintiff asked Defendant to stop calling, only to receive another pre-recorded telephone call from Defendant 10 minutes later.

22. At no time did Plaintiff consent to the receipt of pre-recorded telephone calls from Defendant, let alone providing prior oral or written express consent to Defendant.

23. Because of the relentless pre-recorded telephone calls Plaintiff was receiving from Defendant, he registered his landline telephone number with the National Do Not Call Registry on June 8, 2016.

24. Plaintiff received his most recent pre-recorded telephone call from Defendant on July 13, 2016 at 3:45 PM.s

25. Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, or requested that Defendant place calls to him or offer him its services. Simply put, Plaintiff has never provided his prior express consent to Defendant to place calls to him and has no business relationship with Defendant.

26. By making unauthorized pre-recorded telephone calls as alleged herein, Defendant has caused consumers actual harm. In addition, the calls disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery). In the present case, a consumer could be subjected to many unsolicited pre-recorded telephone calls as Defendant's opt out mechanism does not work.

27. In order to redress these injuries, Plaintiff, on behalf of himself and a class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded telephone calls to landline telephones.

28. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited pre-recorded telephone calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who (1) Defendant (or a third person acting on behalf of Defendant) made a pre-recorded telephone call, (2) to the person's telephone number, and (3) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to place pre-recorded telephone calls to the Plaintiff.
>
> **Pre-recorded Stop Call Class**: All persons in the United States who (1) from four years to the present (2) Defendant (or a third person acting on behalf of Defendant) made a pre-recorded telephone call, (2) on the person's telephone number, and (3) for the purpose of promoting a business or service, (4) after the person informed Defendant that s/he no longer wanted to receive pre-recorded telephone calls from Defendant.

30. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

31. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed pre-recorded telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant utilized an automatic telephone dialing system to place pre-recorded telephone calls to members of the Classes;

   (c) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct;

   (d) whether Defendant obtained prior express written consent to contact any class members;

   (e) whether Defendant's pre-recorded telephone calls constitute telemarketing or were dual purpose messages, and

   (f) to the extent Defendant's conduct does not constitute telemarketing, whether Defendant obtained prior express oral consent to contact any class members.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class

actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

34.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Trolinger and the Pre-recorded No Consent Class)**

35.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

36. Defendant made pre-recorded telephone calls to telephone numbers belonging to Plaintiff and other members of the Pre-recorded No Consent Class without first obtaining prior express consent to receive such pre-recorded telephone calls.

37. Defendant made the pre-recorded telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's ATDS disseminated information *en masse* to Plaintiff and other consumers.

38. By placing the pre-recorded telephone calls to Plaintiff and the telephone numbers of members of the Pre-recorded No Consent Class without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to, under section 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

40. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff Trolinger and the Pre-recorded Stop Call Class)**

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. Defendant and/or their agent placed pre-recorded telephone calls to telephone numbers belonging to Plaintiff and the other members of the Pre-recorded Stop Call Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

43. The telephone dialing equipment utilized by Defendant and/or their agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

44. These pre-recorded telephone calls were made *en masse* and without the consent of the Plaintiff and the other members of the Pre-recorded Stop Call Class to receive such pre-recorded telephone calls. Indeed, consent had been revoked by everyone since they each had explicitly informed Defendant that they did not wish to receive pre-recorded telephone calls.

45. Plaintiff and members of the Pre-recorded Stop Call Class expressly requested that Defendant no longer place pre-recorded telephone calls to them, after which Defendant failed to place Plaintiff and members of the Pre-recorded Stop Call Class on Defendant's internal do-not-call list (or failed to do so within a reasonable time period).

46. The pre-recorded telephone calls to Plaintiff and the Pre-recorded Stop Call Class were made after any consent had been expressly revoked by responding with an opt-out request. This alone violates the TCPA.

47. Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

48. As a result of such conduct, Plaintiff and the other members of the Pre-recorded Stop Call Class are each entitled to, under section 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded Stop Call Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Trolinger, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Michael Trolinger as the representative of the Classes, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damage to be paid into a common fund for the benefit of the Class Members;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An order requiring Defendant to identify any third-party involved in the pre-recorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7. An injunction requiring Defendant to cease all unsolicited pre-recorded calling activities, and otherwise protecting the interests of the Classes;

8. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

9. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

10. An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

11. An award of reasonable attorneys' fees and costs to be paid from the common fund; and

12. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can sbe so tried.

Respectfully Submitted,

**MICHAEL TROLINGER**, individually and on behalf of a class of similarly situated individuals

Dated: November 15, 2016          By: ___/s/_____
                                       One of Plaintiff's Attorneys

Stefan Coleman (Florida Bar No. 0030188)
law@stefancoleman.com
Adam Savett*
adam@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 South Biscayne Boulevard, 28th Floor

13

Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice* Admission to Be Sought