THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24774-Civ-COOKE/TORRES

MICHAEL TROLINGER, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

RCF, LLC, a Florida limited liability company,

    Defendant.

_____/

**DEFENDANT RCF, LLC'S MOTION TO DISMISS THE COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

    Defendant, RCF, LLC ("RCF"), through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1(a), hereby files this Motion to Dismiss the Complaint [D.E. 1] of Plaintiff, Michael Trolinger ("Plaintiff"), and Incorporated Memorandum of Law, and in support thereof states as follows:

**I. INTRODUCTION**

    On or about November 15, 2016, Plaintiff filed his Complaint against RCF seeking to allege purported violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227(b)(1)(A)(iii). However, Plaintiff's own Complaint has a barebones paucity of factual allegations that show this is nothing more than a factually-starved, hastily-filed strike suit designed to support an extortionate settlement based on a threat to RCF of the substantial costs associated with the defense of a nationwide putative class action.

    At its least, Plaintiff's Complaint completely fails to adequately allege RCF used an "automated telephone dialing system" or an "artificial or prerecorded voice" to contact Plaintiff's

cellular telephone. Indeed, Plaintiff does not so much as allege the most basic of elements of the TCPA claims he purportedly seeks to assert under 47 U.S.C. § 227(b)(1)(A)(iii) – the receipt of a telephone call on his cellular telephone. Quite to the contrary, Plaintiff's Complaint alleges receipt of telephone calls on his "landline telephone." Similarly, Plaintiff's Complaint fails to adequately allege the theory of liability he seeks to establish against RCF as he inconsistently and contradictorily seeks to assert RCF directly placed the alleged telephone calls at issue (*i.e.,* direct liability) only to make an abrupt about-face and conclude without any analysis or factual support that RCF's purported and quite noticeably un-named "agents" placed the supposed telephone calls at issue (*i.e.,* vicarious liability).

Because of the absence of sufficient factual allegations – as opposed to the abundance of conclusions and innuendo – Plaintiff's Complaint does not state a plausible claim for relief, and Plaintiff's action should be dismissed pursuant to the standards enunciated in *Twombly*, *Iqbal* and their progeny.

## II. MEMORANDUM OF LAW

### A. Fed. R. Civ. P. 12(b)(6) Legal Standard

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A purpose of Rule 8 is to provide "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Although facts alleged in a complaint are generally taken as true at the Motion to Dismiss stage, this principle is <u>inapplicable</u> to "legal conclusion[s] couched as factual allegation[s]."

*Twombly*, 550 U.S. at 555 (quoting *Papason v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). In assessing a motion to dismiss, the Court determines whether the Complaint "contain[s] sufficient <u>factual</u> matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added); *see also Duran v. Wells Fargo Bank, N.A.*, 878 F.Supp.2d 1312, 1314 (S.D. Fla. 2012). Indeed, such factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Court need not accept as true "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts," *Oxford Asset Mgmt, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Plaintiff bears the burden to articulate enough facts to state a claim to relief that is plausible on its face, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570. While Rule 8 does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Duran*, 878 F.Supp.2d at 1314.

Indeed, *Iqbal* suggests that the courts adopt a two-pronged approach to apply these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-9. Here, much of the Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to a claim or any entitlement to relief against RCF.

### B. Plaintiff Fails to Sufficiently State a Claim for Relief Under Both Counts I & II[1]

Plaintiff seeks to allege RCF violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing prerecorded telephone calls to Plaintiff using an automatic telephone dialing system. [*See* D.E. 1, ¶¶ 38, 39, 47, & 48]. The section of the TCPA Plaintiff appears to rely upon provides, in pertinent part:

> It shall be unlawful for any person within the United States…to make any call…using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a…<u>cellular telephone service</u>…or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Thus, to state a claim pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff must allege sufficient facts to show "(1) a call was made to a <u>cell or wireless phone</u>, (2) by the use of an automatic telephone dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Legg v. Quicken Loans, Inc.*, No. 14-61116-Civ, 2015 WL 897476, at *2 (S.D. Fla. Feb. 25, 2015) (emphasis added).

#### 1. Plaintiff fails to allege a call was made to his cellular telephone

The claims Plaintiff seeks to assert against RCF require, *inter alia*, sufficient factual allegations establishing the purported telephone calls at issue were made to Plaintiff's cellular telephone. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also Legg*, 2015 WL 897476, at *2; *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1266 (11th Cir. 2014) ("The Telephone Consumer Protection Act of 1991…makes it unlawful to make any call using an automatic telephone

---

[1] Plaintiff appears to seek to assert two claims against RCF for a purported violation of 47 U.S.C. §227(b)(1)(A)(iii) [D.E. 1, ¶¶ 38, 39 & 47] – both of which purportedly are based on supposed conduct that Plaintiff fails to describe or support with any factual allegations in the Complaint. Because the two claims Plaintiff seeks to assert against RCF rely upon conclusions and unpled facts, and for purposes of brevity, the arguments contained herein are equally applicable to Count I and Count II.

dialing system…<u>to a cellular telephone</u>[.]") (emphasis added). Plaintiff's Complaint is devoid of this most basic, vital, and necessary allegation. Rather, Plaintiff's Complaint alleges Plaintiff received the purported telephone calls at issue on his "landline telephone." [D.E. 1, ¶¶ 18 ("Plaintiff Trolinger began to receive…telephone calls from Defendant on his <u>landline telephone</u>…."); 27 ("Plaintiff…bring [sic] suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded telephone calls to <u>landline telephones</u>.")]. (Emphasis added). However, 47 U.S.C. § 227(b)(1)(A)(iii) does not seek to govern telephone calls made to "landline telephones." Rather, such section concerns itself with telephone calls made to "any telephone number assigned to a…<u>cellular telephone service</u>." 47 U.S.C. § 227(b)(1)(A)(iii). (Emphasis added).

Nowhere within the Complaint does Plaintiff allege any purported telephone call at issue was made to Plaintiff's cellular telephone. [*See, generally,* D.E. 1]. Indeed, the Complaint does not so much as reference the term "cellular," let alone allege Plaintiff even owns a cellular telephone. *Id.* Accordingly, because Plaintiff has not alleged receipt of any supposed telephone call at issue on his cellular telephone, Plaintiff fails to allege the most basic element of a claim pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) – an alleged call made to a cellular telephone – and his claims must be dismissed.

### 2. Plaintiff fails to adequately allege an automatic telephone dialing system or an artificial or prerecorded voice was used to make any call at issue

Plaintiff's Complaint merely inserts an unsupported conclusion that an "automatic telephone dialing system" was used to place "pre-recorded telephone calls" to Plaintiff. [*See, e.g.,* D.E. 1, ¶¶ 14-15, 36-38, 42-46]. Plaintiff's bald conclusion that the "pre-recorded telephone calls" at issue were made by an "automatic telephone dialing system" simply recites the language

of the TCPA without any supporting facts and is insufficient as a matter of law. *See, e.g., Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, at *2 (S.D. Fla. July 14, 2014) (Motion to dismiss granted because "Plaintiff's amended complaint contains a recitation of the statutory cause of action….Plaintiff does not elaborate on the content of the pre-recorded message….Plaintiff also fails to explain the circumstances that suggest Defendant used an automatic calling device. For example, Plaintiff could detail whether there was a pause upon answering the call, the content of the pre-recorded message…, or any other fact that would support his conclusory allegation[.]"); *Duran*, 876 F.Supp.2d at 1316 (Motion to dismiss granted where "Plaintiff provides no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made."); *Augustin v. Santander Consumer USA, Inc.*, 43 F.Supp.3d 1251, 1254 (S.D. Fla. 2012) ("Plaintiff's contention that he must only allege that a call was placed to a cellular phone using an automatic telephone system, without any…details… is not supported by case law."); *Weaver v. Wells Fargo Bank N.A.*, No. 8:15-cv-1247-T-23TGW, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015) ("To state a claim under Section 227(b)(1)(A)(iii), a plaintiff must plausibly allege – not merely assert – facts suggesting that the defendant used a automated dialing system.").

      Nowhere within the Complaint does Plaintiff allege a single fact, let alone sufficient facts – as opposed to mere, broad conclusions – that could possibly support the conclusion that RCF not only made "pre-recorded telephone calls" to Plaintiff using an "automatic telephone dialing system," but also that RCF even called Plaintiff in the first place regardless of the purported means used to place any such telephone call. [*See, generally,* D.E. 1]. Indeed, Plaintiff does not allege a single fact describing the content of any supposed telephone call at issue that could

possibly support these conclusions. [*Id.*]. By way of example, Plaintiff does not (because he cannot) allege the presence of a robotic voice, a distinctive "click and pause" or "dead air" after having answered any alleged telephone call at issue, or any other circumstances surrounding the supposed telephone calls at issue that support Plaintiff's conclusion such calls were "pre-recorded" and placed by an "automatic telephone dialing system." *See, e.g., Padilla*, 2014 WL 3418490, at *2; *Duran*, 878 F.Supp.2d at 1316; *Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015); *Aikens v. Synchrony Financial d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015 report and recommendation adopted by No. 15-cv-10058, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015); *Connelly v. Hilton Grand Vacations Co., LLC*, 2012 WL 2129364, at *4 (S.D. Cal. June 11, 2012); *Loveless v. A1 Solar Power, Inc.*, No. ED CV 14-1779 FMO, 2015 WL 4498787, at *3 (S.D. Cal. July 23, 2015); *Jones v. FMA Alliance Ltd.*, 978 F.Supp.2d 84, 86-7 (D. Mass. 2013); *Baranski v. NCE Financial Systems, Inc.*, No. 13 CV 6349(ILG)(JMA) (E.D.N.Y. March 21, 2014); *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012); *Brailey v. F.H. Cann & Associates, Inc.*, No. 6:14-0754, 2014 WL 7639909, at *2 (W.D. La. Dec. 5, 2014).

*Twombly, Iqbal*, and their progeny instruct that Plaintiff's conclusions and formulaic recitations that lack factual support must be disregarded. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Here, such instruction is applicable and necessary as Plaintiff's Complaint fails to provide RCF fair notice of the grounds upon which the Complaint rests. *Twombly*, 550 U.S. at 555. Plaintiff's threadbare, "formulaic recitation of the elements" of a TCPA cause of action is not entitled to an assumption of truth, *Iqbal*, 556 U.S. at 678; particularly as Plaintiff must allege

facts "to raise a reasonable expectation that discovery will reveal evidence" of the alleged TCPA violations sufficient to withstand a motion to dismiss, *Twombly*, 550 U.S. at 556. In short, Plaintiff's factually starved claims cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Tombly*, *Iqbal*, and their progeny.

**3. Plaintiff fails to adequately allege a theory of vicarious liability**

Plaintiff's Complaint reveals this lawsuit is nothing more than an opportunistic plaintiff seeking to recover a windfall settlement under the looming specter of the ruinous costs associated with defending a nationwide putative class action; particularly as Plaintiff appears to haphazardly seek to attempt to allege a first theory of direct liability against RCF only to commit an abrupt about-face and seek to attempt to allege a second theory of vicarious liability against RCF for improperly alleged, non-existent violations of the TCPA. [*See, e.g.,* D.E. 1, ¶¶ 2 (RCF "repeatedly made (or directed to be made on its behalf)" telephone calls), 10 (RCF "on its own and/or through its agents"), 11 ("Defendant and/or its agents place" telephone calls), 14 (RCF "placed (and continued to place)" telephone calls), 15 ("Defendant and/or its agent used an 'automatic telephone dialing system'"), 16 ("Defendant continues to call"), 17 ("Defendant knowingly made (and continues to make)" telephone calls), 18 (Plaintiff received "telephone calls from Defendant"), 36 ("Defendant made" telephone calls to Plaintiff), 37 ("Defendant made" telephone calls), 42 ("Defendant and/or their agent placed" telephone calls to Plaintiff), 43 ("Defendant and/or their agent")]. Plaintiff's inability to consistently allege a theory of liability against RCF reveals the uncertainty and impropriety of Plaintiff's Complaint, and further reflects Plaintiff's inability to allege sufficient facts – as opposed to conclusions and unsupported innuendo – in support of his claims.

Perhaps knowing he cannot allege any facts sufficient to show RCF initiated the alleged telephone calls at issue (*i.e.*, direct liability), Plaintiff's Complaint strategically and inconsistently appears to attempt to seek to assert TCPA claims for telephone calls allegedly received from one or more un-named "agents" purportedly on behalf of RCF. [*See, e.g.,* D.E. 1, ¶¶ 2, 10, 11, 15, 42, 43]. Thus, Plaintiff appears to seek to assert RCF may be liable for the purportedly offending telephone calls under a theory of vicarious liability.

In order to state a claim under a theory of vicarious liability, Plaintiff must plead sufficient factual allegations to support such a theory. *See, e.g., Abramson v. 1 Global Capital, LLC*, No. 15-cv-61373, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 21, 2015) ("If Plaintiff wishes to impose vicarious liability on Defendant for the actions of another, he must make it clear that he intends to do so, cite appropriate statutory provisions, and set forth relevant facts indicating that vicarious liability is proper. [citation omitted]. Accordingly, any allegations concerning vicarious liability for Defendant's TCPA violation must be dismissed."); *Cellco Partnership v. Plaza Resorts Inc.*, No. 12-81238-CIV, 2013 WL 5436553, at *7 (S.D. Fla. Sept. 27, 2013) (motion to dismiss granted, in part, where "the Complaint does not adequately explain under what theory of liability Plaintiff is proceeding under."); *Harrington v. RoundPoint Mortgage Servicing Corporation*, 163 F.Supp.3d 1240, 1245 (M.D. Fla. 2016) (recognizing "the question becomes whether Plaintiff has pled sufficient factual allegations in the First Amended Complaint to state a claim" under a theory of vicarious liability); *Wagner v. CLC Resorts and Developments, Inc.*, 32 F.Supp.3d 1193, 1196 fn. 1 (M.D. Fla. 2014) (analyzing factual

allegations to determine if Plaintiff sufficiently alleged vicarious liability).[2] As set forth below, Plaintiff simply fails to do so.

Vicarious liability claims of TCPA violations rely on agency principles, including actual authority/formal agency, apparent authority, and ratification. *See In re Dish Network, LLC*, 28 F.C.C.R. 6584 ¶ 28; *see also Wagner*, 32 F.Supp.3d at 1196. Plaintiff's failure to allege any facts that could support a finding of an agency relationship between RCF and the amorphous "agents" or ratification by RCF of the alleged telephone calls at issue is fatal to this action as "the mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough. There must [be] sufficient factual allegations pled to support a plausible claim against the defendant based upon those facts." *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 WL 8335868, at *7 (M.D. Tenn. Nov. 19, 2014).

An "agency relationship arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests asset or otherwise consents so to act." Restatement (Third) of Agency §1.01 (2006).[3] Here, Plaintiff fails to allege facts showing RCF had any

---

[2] Federal Courts throughout the country agree on the propriety of dismissal for failure to allege facts in support of vicarious liability. *See, e.g., Jackson v. Caribbean Cruise Line, Inc.*, 88 F.Supp.3d 129, 139 (E.D.N.Y. 2015); *Smith v. State Farm Mutual Automobile Insurance Company*, 30 F.Supp.3d 765 (N.D. Ill. 2014); *Melito v. American Eagle Outfitters, Inc.*, Nos. 14-CV-02440 (VEC), 15-CV-00039 (VEC), 15-CV-02370 (VEC), 2015 WL 7736547, at *5-6 (S.D.N.Y. Nov. 30, 2015); *Hossfeld v. Gov't Employees Ins. Co.*, 88 F.Supp.3d 504, 510 (D. Md. 2015); *In re Monitronics Intern., Inc. Telephone Consumer Protection Act Litigation*, No. 1:13MD2493, 2015 WL 1964951, at *9 (N.D. W.Va. Apr. 30, 2015).

[3] The federal common law of agency is in accord with the Restatement. *See Steinberg v. Mikkelsen,* 258 F.Supp.2d 1317, 1324 (M.D. Fla. 2003); *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000)

control over the un-named "agents" or had given the un-named "agents" the authority to act on RCF's behalf.

Similarly, "[a]pparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006). Here, Plaintiff again fails to allege facts that RCF took any action as a purported principal that would have caused Plaintiff to believe the un-named "agents" had apparent authority to act on the Rapid Defendants' behalf.

Finally, "[r]atification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) of Agency §4.01(1)). Stated differently, ratification occurs "when a principal knowingly accepts the benefits of the actor's conduct." *Shamblin v. Obama for America*, No. , 2015 WL 1754628, at *6 (M.D. Fla. April 17, 2015). Ratification requires the principal "have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction." *Aranda v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2016 WL 1555576, at *11 (N.D. Ill. Apr. 18, 2016) (quoting *NECA-IBEW Rockford Local Union 364 Health & Welfare Fund v. A&A Drug Co.*, 736 F.3d 1054, 1059 (7th Cir. 2013). Here, Plaintiff continues to fail to allege facts showing that RCF affirmed the acts of the un-named "agents" let alone that RCF had knowledge of the facts associated with the telephone calls at issue such that RCF could make a conscious decision to accept or reject the benefits of the transaction. Moreover, ratification presupposes the existence of an agency relationship, which, as shown above, has not been sufficiently alleged.

Plaintiff's Complaint fails to allege sufficient facts – as opposed to conclusions and speculation – to support any theory of liability against RCF for a purported violation of the TCPA, and the FAC should be dismissed.

## III. CONCLUSION

For the reasons stated above, Plaintiff's attempts to plead claims against RCF are so deficient that neither count can withstand scrutiny, never mind support the very class allegations Plaintiff seeks to maintain. Thus, the FAC should be dismissed in its entirety.

WHEREFORE, Defendant RCF, LLC respectfully requests this Court dismiss Plaintiff's Complaint and award any other relief in favor of the Rapid Defendants this Court deems just and proper.

Dated: December 22, 2016                    Respectfully submitted,

                                                                                       */s/ Lawren A. Zann*
                                                                                      Beth-Ann E. Krimsky (Fla. Bar No. 968412)
                                                                                      beth-ann.krimsky@gmlaw.com
                                                                                      Lawren A. Zann (Fla. Bar No. 42997)
                                                                                      lawren.zann@gmlaw.com
                                                                                      **GREENSPOON MARDER, P.A.**
                                                                                      200 East Broward Blvd, Suite 1800
                                                                                      Fort Lauderdale, FL 33301
                                                                                      Tel: (954) 527-2427
                                                                                      Fax: (954) 333-4027
                                                                                      *Attorneys for Defendant RCF, LLC*

*Trolinger v. RCF, LLC*
*Case No. 1:16-cv-24774*
*Motion to Dismiss*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 22nd day of December, 2016, I filed the foregoing Motion to Dismiss with the Clerk of Court using the Court's CM/ECF System which will send electronic notification to all counsel of record.

       */s/ Lawren A. Zann*
       Lawren A. Zann